UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWARD R. STEINER,

    Petitioner,

v.                                          CASE NO. 6:10-cv-997-Orl-28DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## ORDER

This case is before the Court on Petitioner's Motion to Disqualify Judge Antoon (Doc. No. 26). In support of his motion, Petitioner contends that disqualification is necessary as Judge Antoon was assigned as a state appellate court judge in his state case, and as such, has exhibited bias. *Id.* Respondents note that the underlying offenses at issue here occurred in 2002, Petitioner's appeal was not until later than that date, and the Judge was appointed to the federal court in 2000 (Doc. No. 33 at 2). Respondents also state that Judge Antoon participated in the state court appeal of Petitioner's 1996 conviction, and thus, the connection is too tenuous to warrant mandatory disqualification. *Id.* at 2-3.

Recusal of a federal judge is appropriate if his "impartiality might reasonably be questioned" or where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). The test under § 455(a) is "whether an objective, disinterested, lay observer fully

informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073 (11th Cir. 1993). To warrant recusal, a "judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

Petitioner has not alleged facts sufficient to lead an objective observer to conclude that the Court may be impartial. Judge Antoon was not a state appellate court judge when the conviction at issue was on appeal in the Fifth District Court of Appeal. Instead, Judge Antoon was on the panel of state appellate court judges that decided an appeal of a 1996 conviction, which is referenced in ground thirteen. In his thirteenth claim for relief Petitioner alleges that his current sentence was enhanced based on an invalid 1996 conviction. Although the Court finds that an objective observer with knowledge of the facts would not find the appearance of any partiality on behalf of the judge presiding over this matter, in an abundance of caution the Court will grant Petitioner's motion, as he suggests his 1996 conviction was invalid. The Court wishes to assure Petitioner that his rights are being fairly and impartially considered and resolved. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion to Disqualify Judge Antoon (Doc. No. 26) is **GRANTED**. The Court hereby recuses from this case.

2. The Clerk is directed to reassign this case to a different judge.

**DONE AND ORDERED** at Orlando, Florida this 2 day of ~~October~~ November, 2010.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 10/27
Edward R. Steiner
Counsel of Record

3